UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HARVEY ALEXANDER SAVAGE,

        Plaintiff,

                              CASE NO. 2:07-CV-14200
v.                            HONORABLE LAWRENCE P. ZATKOFF

FRED MESTER,

        Defendant.
                              /

## OPINION AND ORDER DISMISSING CIVIL RIGHTS COMPLAINT AND CONCLUDING THAT AN APPEAL CANNOT BE TAKEN IN GOOD FAITH

### I. INTRODUCTION

Harvey Alexander Savage ("Plaintiff"), a Michigan prisoner, has filed a "Verified Complaint for Declaratory and Injunctive Relief," which the Court construes as a civil rights complaint under 42 U.S.C. § 1983. This Court has granted Plaintiff's application to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a). In his complaint, Plaintiff alleges that Oakland County Circuit Court Judge Fred Mester violated his constitutional rights during his recent criminal proceedings. Plaintiff was convicted of five counts of uttering and publishing following a bench trial in the Oakland County Circuit Court and was sentenced to concurrent terms of 18 months to 14 years imprisonment on October 1, 2007. *See* Offender Profile, Michigan Department of Corrections Offender Tracking Information System ("OTIS"). Plaintiff seeks monetary damages as well as declaratory and injunctive relief. Having reviewed the complaint, the Court now dismisses it as frivolous for failure to state a claim upon which relief may be granted and on the basis of immunity. The Court also concludes that an appeal cannot be taken in good faith.

## II. DISCUSSION

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), the Court is required to dismiss *sua sponte* an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks relief from a defendant who is immune from suit. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

To state a federal civil rights claim, a plaintiff must show that: (1) the defendant is a person who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). A *pro se* civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jones v. Duncan*, 840 F.2d 359, 361 (6th Cir. 1988). Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that the complaint is subject to summary dismissal.

In his complaint, Plaintiff challenges his state court criminal proceedings and the validity of his convictions. As such, he fails to state a claim upon which relief may be granted under § 1983. A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment, not the validity of his continued confinement. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing

confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance or a writ of habeas corpus under 28 U.S.C. § 2254). This holds true regardless of the relief sought by the plaintiff. *Id.* at 487–89. *Heck* and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005). If Plaintiff were to prevail on the claims arising from his criminal proceedings, the validity of his continued confinement would be called into question. Accordingly, his complaint is barred by *Heck* and must be dismissed.

Additionally, the named defendant in this case is entitled to immunity. Judge Mester is entitled to absolute judicial immunity on Plaintiff's claim for damages. *See Mireles v Waco*, 502 U.S. 9, 9–10 (1991) (per curiam) (judge performing judicial functions is absolutely immune from suit seeking monetary damages even if acting erroneously, corruptly or in excess of jurisdiction). Moreover, the 1996 amendments to § 1983 extended absolute immunity for state judges to requests for injunctive or equitable relief. *See* 42 U.S.C. § 1983 ("in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable"); *see also Kipen v. Lawson*, 57 Fed. Appx. 691 (6th Cir. 2003) (discussing federal judges' immunity); *Kircher v. City of Ypsilanti*, 458 F. Supp. 2d 439, 446–47 (E.D. Mich. 2006) (Rosen, J.); *accord Asubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006); *Hass v. Wisconsin*, 109 Fed. Appx. 107, 113–14 (7th Cir. 2004); *Bolin v. Story*, 225 F.3d 1234, 1240–42 (11th Cir. 2000). Any allegations against Judge Mester for

his conduct in presiding over Plaintiff's criminal proceedings involved the performance of judicial duties. He is thus absolutely immune from suit for such conduct. Accordingly, Plaintiff's complaint must also be dismissed based upon immunity.

## III. CONCLUSION

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted, that the defendant is immune from suit, and that this civil rights complaint must be **DISMISSED**.

Additionally, the Court concludes that an appeal from this order would be frivolous and cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED**.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: October 29, 2007

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on October 29, 2007.

s/Marie E. Verlinde
Case Manager
(810) 984-3290